IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| JOHN DILLARD, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| ROBERT R. BINION and JOHN WRIGHT, | ) |
| | ) |
|     Plaintiffs-Intervenors, | ) |
| | ) CIVIL ACTION NO. |
|     v. | ) 2:87-CV-1179-MHT |
| | ) |
| CHILTON COUNTY COMMISSION, | ) |
| | ) |
|     Defendants. | ) |

**JOINT MOTION TO AMEND CONSENT DECREE**

Plaintiffs John Dillard et al. and plaintiffs-intervenors Robert R. Binion and John Wright (hereafter "plaintiffs"), and defendant Chilton County Commission, through undersigned counsel, move the Court, pursuant to Rule 60(b)(5), Fed.R.Civ.P., to amend the consent decree approved by this Court June 23, 1988. As grounds for their motion, movants would show as follows:

    1. Section 11-3-1(c), Code of Alabama, as amended by Act 2007-488, provides:

> Unless otherwise provided by local law, *by court order*, or governed
> by Section 11-80-12, and as otherwise provided in subsection (d),

> there shall be in every county a county commission, composed of the judge of probate, who shall serve as chairman, and four commissioners, who shall be elected at the time prescribed by law and shall hold office for four years until their successors are elected and qualified.

(Emphasis added.)  Section 11-80-12, Code of Alabama, provides:

> Notwithstanding any other provision of law to the contrary, any board of education, county commission, or municipal governing body whose currently serving members have been elected by a method of election and a specific number of seats prescribed by a federal court shall retain that manner of election and composition until such time as the method of election or number of seats is changed in accordance with general or local law. This section shall not apply in any county where a federal court has overturned the previous order concerning the manner of election and the number of members of a county commission and shall not apply in any county where there is currently pending litigation, or appeals relating thereto, challenging previous court orders or consent orders concerning the manner of elections or the number of members or districts of a county commission.

2.  Alabama law thus provides authority for the number of seats and the method of electing the Chilton County Commission provided by the 1988 consent decree.  But Alabama law does not provide specific authority for the proviso in paragraph 4 of the 1988 consent decree requiring that a black person elected to the commission be given the opportunity to serve as chair.  This proviso was intended to be a temporary measure to ensure equal opportunity for a commissioner who was the choice of black voters to serve as chair.  It has never been invoked or exercised during the twenty years the consent decree has been in force and effect.

The parties agree that it is no longer equitable for the proviso to have prospective application, and therefore agree that it should be stricken.

    3.  To ensure there is or will be state law authority for all provisions in the 1988 consent decree and to facilitate final dismissal of this action, it is equitable and just to amend said consent decree by striking from paragraph 4 the following proviso:

> provided, however, that the procedures used by the commission for that purpose shall ensure that, if a black citizen is elected to the county commission, he or she shall be offered the opportunity to serve a term as chair of not less that [sic] six months duration during each four year term of office. If more than one black citizen is elected to the commission, the proviso herein shall only require that one six month term as chair be guaranteed.

    4.  Undersigned counsel is authorized to represent that counsel for the defendant Chilton County Commission join in this motion.

    WHEREFORE, the parties jointly request the Court, pursuant to its authority under Rule23(e), Fed.R.Civ.P., to provide notice to members of the class of the proposed amendment of the 1988 consent decree and, thereafter, to amend the consent decree by striking the foregoing proviso from paragraph 4.

    Respectfully submitted this the 4th day of March, 2008.

| | |
|---|---|
| Edward Still<br>2112 11th Avenue South<br>Suite 201<br>Birmingham, AL 35205<br>   205-320-2882<br>   fax toll free 877-264-5513<br>      Ala. Bar Code: ASB-4786-I 47W<br>E-mail: still@votelaw.com | /s/ James U. Blacksher<br>James U. Blacksher<br>P.O. Box 636<br>Birmingham AL 35201<br>   205-591-7238<br>   Fax: 866-845-4395<br>      Ala. Bar Code: ASB-2381-S82J<br>E-mail: jblacksher@ns.sympatico.ca<br><br>Counsel for Dillard and Binion et al. |

CERTIFICATE OF SERVICE

**All counsel below are registered participants in this Court's CM/ECF system:**

John Hollis Jackson, Jr.
P.O. Box 1818
Clanton, AL 35045

David Boyd
Dorman Walker
P.O. Box 78
Montgomery, AL 36101

/s/ James U. Blacksher
James U. Blacksher
P.O. Box 636
Birmingham AL 35201
   205-591-7238
   Fax: 866-845-4395
      Ala. Bar Code: ASB-2381-S82J
E-mail: jblacksher@ns.sympatico.ca