IN THE DISTRICT COURT FOR THE UNITED STATES OF THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| JOHN DILLARD, et al.,    ) | |
|     ) | |
|     Plaintiffs,    ) | |
|     ) | |
| ROBERT R. BINION and    ) | |
| JOHN WRIGHT,    ) | |
|     ) | |
|     Plaintiffs-Intervenors,) | |
|     ) | CIVIL ACTION NO. |
|     v.    ) | 2:87cv1179-MHT |
|     ) | (WO) |
| CHILTON COUNTY COMMISSION,  ) | |
| et al.,    ) | |
|     ) | |
|     Defendants.    ) | |

OPINION

This matter is before the court on the question of whether it should give final approval to the modification of the consent decree approved by this court on June 23, 1988 (Doc. Nos. 46 and 47), <u>Dillard v. Chilton County Bd. of Educ.</u>, 699 F.Supp. 870 (M.D. Ala. 1988), <u>aff'd</u>, <u>Dillard v. Chilton County Com'n</u>, 868 F.2d 1274 (11th Cir. 1989) (table), and which provides for seven Chilton County Commissioners to be elected by the voters of the county at large using cumulative voting rules. The

question is presented in a joint motion filed by plaintiffs John Dillard, et al., plaintiffs-intervenors Robert R. Binion and John Wright, and defendant Chilton County Commission, seeking the court's approval to strike the following proviso from ¶ 4 of the consent decree:

> "provided, however, that the procedures used by the commission for that purpose shall ensure that, if a black citizen is elected to the county commission, he or she shall be offered the opportunity to serve a term as chair of not less that [sic] six months duration during each four year term of office.  If more than one black citizen is elected to the commission, the proviso herein shall only require that one six month term as chair be guaranteed."

For the reasons that follow, the court is of the opinion that the modification should be approved and the joint motion granted.

## I.  BACKGROUND

The motion to amend the consent decree is joined by all parties to this action.  The claims of Gilbert Green and Calvin Jones, Jr., who were allowed to intervene in

2

2003, were dismissed by order entered on December 10, 2007, pursuant to a mandate of the Eleventh Circuit Court of Appeals.  <u>Dillard v. Chilton County Comm'n</u>, 495 F.3d 1324 (11th Cir. 2007).  Green and Jones have filed a petition for writ of certiorari.  <u>Gilbert Green and Calvin Jones, Jr., v. Chilton County Comm,n</u>, No. 07-1124 (U.S.).

The consent decree in this action is the last of the 180 court-ordered election plans still active in the longstanding set of <u>Dillard</u> cases, which began with <u>Dillard v. Crenshaw County</u>, 640 F.Supp. 1347 (M.D. Ala. 1986), and which eventually involved the governing bodies in 192 local jurisdictions in Alabama.  By passing Act 2006-252, now codified at 1975 Ala. Code § 11-80-12, the Alabama Legislature adopted under state law all court-ordered election plans with respect to which there is no pending litigation challenging the plan.  Act 2007-488 incorporated Act 2006-252 in an even broader statutory

provision, now codified at 1975 Ala. Code § 11-3-1(c).

Section 11-3-1(c), as amended by Act 2007-488, provides:

> "Unless otherwise provided by local law, <u>by court order</u>, or governed by Section 11-80-12, and as otherwise provided in subsection (d), there shall be in every county a county commission, composed of the judge of probate, who shall serve as chairman, and four commissioners, who shall be elected at the time prescribed by law and shall hold office for four years until their successors are elected and qualified."

(Emphasis added.) Section 11-80-12, provides:

> "Notwithstanding any other provision of law to the contrary, any board of education, county commission, or municipal governing body whose currently serving members have been elected by a method of election and a specific number of seats prescribed by a federal court shall retain that manner of election and composition until such time as the method of election or number of seats is changed in accordance with general or local law. This section shall not apply in any county where a federal court has overturned the previous order concerning the manner of election and the number of members of a county commission and shall not apply in any county where there is currently pending litigation, or appeals relating thereto, challenging previous court orders or consent orders

4

>     concerning the manner of elections or
>     the number of members or districts of a
>     county commission."

There is no provision in Alabama law, however, for the above quoted proviso in ¶ 4 of the 1988 consent decree in this action, nor could such a racial classification be enacted by the Legislature unless it was narrowly tailored to serve a compelling state interest.


##    II.  NOTICE TO THE CLASS AND FAIRNESS HEARING

Before addressing the merits of approving the amendment to the consent decree, the court must ensure that all members of the plaintiff class of black voters have been informed of the proposed amendment and have had the opportunity to voice any objections.  Fed.R.Civ.P. 23(e).  By order entered March 6, 2008, the court gave preliminary approval to the proposed modification of the consent decree and approved a notice to the plaintiff class.  The notice to the class provided that all written

5

objections must be submitted to the clerk of the court no later than by March 25, 2008. The court further stated that all objections by class members must be timely submitted in writing to be considered by the court. A fairness hearing was scheduled for April 3, 2008.

Defendant Chilton County Commission has certified that the notice to the class was published, as ordered, once a week for two weeks in the Chilton County News. The court finds that this was adequate notice that satisfies Fed.R.Civ.P. 23(e)(1), and constitutional requirements of due process. A fairness hearing was conducted on April 3, 2008, at which no written or oral objections were received from members of the plaintiff class.

## III.  WHETHER THE MODIFICATION OF THE CONSENT DECREE IS FAIR, REASONABLE, AND ADEQUATE.

Because all parties to this action agree to the proposed modification of the consent decree, the standards this court must employ to determine whether the

6

modification should be approved are governed by Fed.R.Civ.P. 23(e).  <u>Reynolds v. Alabama Dept. of Transportation</u>, 261 F.Supp.2d 1331, 1345-51 (M.D. Ala.), <u>vacated on other grounds</u>, 265 F.Supp.2d 1289 (M.D. Ala. 2001).  Thus, the issue here is whether the proposed modification is "fair, reasonable, and adequate." Fed.R.Civ.P. 23(e)(2).  This court has previously set out the factors it will examine in deciding whether a settlement is fair, adequate, and reasonable.  Those factors are as follows:

> "(1) the views of the class members; (2) the views of class counsel; (3) the substance and amount of opposition to the settlement; (4) the possible existence of collusion behind the settlement; (5) the state of the proceedings; (6) the likelihood of success at trial; (7) the complexity, expense and likely duration of the lawsuit; and (8) the range of possible recovery."

<u>Allen v. Alabama State Bd. of Education</u>, 190 F.R.D. 602, 607 (M.D. Ala. 2000) (citations omitted).  All of the relevant factors are satisfied here.  However, in

7

approving the amendment to the consent decree, the court must "undertake an analysis of the facts and the law relevant to the proposed compromise" and "support [its] conclusions by memorandum opinion or otherwise in the record." Cotton v. Hinton, 559 F.2d 1326, 1330 (5th Cir. 1977).[*]

No objections were submitted to the court by members of the plaintiff class. Commissioner Bobby L. Agee, who is black, and other class members attended the fairness hearing and represented to the court that they favored striking the race-specific proviso from the consent decree.

The Supreme Court has provided guidance about the appropriateness of race-specific relief in a remedial decree:

> "In determining whether race-conscious remedies are appropriate, we look to

---

* In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

> several factors, including the necessity
> for the relief and the efficacy of
> alternative remedies; the flexibility
> and duration of the relief, including
> the availability of waiver provisions;
> the relationship of the numerical goals
> to the relevant labor market; and the
> impact of the relief on the rights of
> third parties."

United States v. Paradise, 480 U.S. 149, 171 (1987) (plurality opinion). Although the Supreme Court in Paradise was addressing remedies in an employment context, the general principles it enunciated are applicable here as well. Commissioner Agee and defendant Chilton County Commission presented evidence that the proviso had never been invoked and was not necessary. To the extent it appeared to be necessary when the consent decree was approved in 1988, 20 years is a sufficient duration for such a temporary race-specific proviso. The evidence now before the court shows that striking the proviso should have no adverse impact on the class of black voters.

Counsel for the plaintiff class, experienced voting rights lawyers, have stated their view that removing the proviso was in the best interests of the class. The consent decree has been in effect for 20 years, and striking the race-specific proviso will facilitate the final dismissal of this action. The public interest will be served by eliminating an unnecessary racial classification from the consent decree.

An appropriate judgment will be entered.

DONE, this the 3rd day of April, 2008.

                                          /s/ Myron H. Thompson
                                    UNITED STATES DISTRICT JUDGE